**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WAYDE HOLLIS HARRIS,<br><br>Petitioner,<br><br>v.<br><br>ROBERT NEUSCHMID,<br><br>Respondent. | No. 2:19-CV-1780-KJM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is respondent's motion to dismiss (ECF No. 11).

**I. BACKGROUND**

**A.   State Court Proceedings**

Petitioner Wayde Hollis Harris was convicted in San Joaquin County Superior Court of inflicting corporal injury on a cohabitant, assault with a firearm, false imprisonment by violence, ex-felon in possession of a firearm, possession of a firearm after being convicted of inflicting corporal injury on a cohabitant, failure to appear on a felony charge after release on bail, and two counts of criminal threats. See ECF No. 13, Lod. Doc. 1. On October 24, 2008, petitioner was sentenced to a determinate state prison term of twenty-two years. Id. On June 17,

2010, the California Court of Appeal stayed petitioner's sentence for one criminal threat and affirmed the judgement as modified. See ECF No. 13, Lod. Doc. 2. The California Supreme Court denied review on September 1, 2010. See ECF No. 13, Lod. Doc. 4.

Petitioner filed eleven pro se state post-conviction collateral actions, all of which were petitions for writs of habeas corpus.

| | | |
|---|---|---|
| First Action | California Court of Appeal. | |
| | Filed October 4, 2009. See ECF No. 13, Lod. Doc. 5. | |
| | Denied October 16, 2009. See ECF No. 13, Lod. Doc. 6. | |
| Second Action | San Joaquin County Superior Court. | |
| | Filed October 28, 2009. See ECF No. 13, Lod. Doc. 7. | |
| | Denied December 18, 2009. See ECF No. 13, Lod. Doc. 8. | |
| Third Action | California Court of Appeal. | |
| | Filed January 4, 2010. See ECF No. 13, Lod. Doc. 9. | |
| | Denied June 17, 2010. See ECF No. 13, Lod. Doc. 10. | |
| Fourth Action | California Supreme Court. | |
| | Filed November 23, 2011. See ECF No. 13, Lod. Doc. 11. | |
| | Denied May 23, 2012. See id. | |
| Fifth Action | California Supreme Court. | |
| | Filed November 5, 2015. See ECF No. 13, Lod. Doc. 14. | |
| | Denied February 17, 2017. See id. | |
| Sixth Action | San Joaquin County Superior Court. | |
| | Filed November 30, 2015. See ECF No. 13, Lod. Doc. 17. | |
| | Denied January 6, 2016. See id. | |
| Seventh Action | San Joaquin County Superior Court. | |
| | Filed March 7, 2016. See ECF No. 13, Lod. Doc. 18. | |
| | Denied May 26, 2016. See ECF No. 13, Lod. Doc. 19. | |
| Eighth Action | San Joaquin County Superior Court. | |
| | Filed July 4th, 2017. See ECF No. 13, Lod. Doc. 20. | |
| | Denied August 3, 2017. See ECF No. 13, Lod. Doc. 21. | |
| Ninth Action | San Joaquin County Superior Court. | |
| | Filed September 28, 2017. See ECF No. 13, Lod. Doc. 22. | |
| | Denied October 27, 2017. See ECF No. 13, Lod. Doc. 23. | |
| Tenth Action | San Joaquin County Superior Court. | |
| | Filed January 23, 2018. See ECF No. 13, Lod. Doc. 24. | |
| | Denied March 19, 2018. See ECF No. 13, Lod. Doc. 25. | |
| Eleventh Action | California Supreme Court. | |
| | Filed December 21, 2018. See ECF No. 13, Lod. Doc. 26. | |
| | Denied May 15, 2019. See ECF No. 13, Lod. Doc. 27. | |

///

### B. Prior Federal Habeas Corpus Action

Petitioner filed a prior federal habeas corpus action challenging the same conviction and sentence, Harris v. Uribe, E. Dist. Cal. Case No. 2:12-CV-01502-AC (Harris I). In Harris I, petitioner argued: (1) his trial counsel provided ineffective assistance by failing to offer evidence of the victim's bad conduct and failing to pursue matters that would have presented further exculpatory evidence in petitioner's favor, (2) his appellate counsel provided ineffective assistance by refusing to raise issues with altered transcripts, (3) petitioner's retrial on the same grounds as his previous trial violated his Fifth Amendment right to be free of double jeopardy, (4) the court violated petitioner's right to a fair trial by erroneously admitting evidence of previous uncharged violence, (5) there was insufficient evidence to support petitioner's conviction of a criminal threat against Lois Harris, and (6) his request for a Marsden hearing was wrongfully denied at sentencing. The petition was denied on the basis of being untimely on October 18, 2016. The Ninth Circuit declined to grant a certificate of appealability on August 2, 2017.

### C. Current Federal Habeas Corpus Action

Petitioner filed his current federal petition on August 28, 2019. See ECF No. 1. Petitioner raises a single ground for relief. Specifically, petitioner now claims his state court criminal conviction is void because the case was initiated by way of a felony complaint instead of an indictment or information. Id. at 19-41.

///
///
///
///
///
///
///
///
///

3

## II. DISCUSSION

Respondent argues that the current petition must be dismissed for lack of jurisdiction because it is a second or successive petition that was filed without obtaining authorization from the Ninth Circuit Court of Appeals. Respondent also argues that, should the court conclude it has jurisdiction over the case, the current petition must be dismissed because it is untimely.

### A. Second or Successive Petition

Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed. . . ." unless one of two circumstances exist. Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence. See id. Before a second or successive petition can be filed in the district court, however, the petitioner must first obtain leave of the Court of Appeals. See 28 U.S.C. § 2244(b)(3). In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it. See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

A second petition can only be successive of a prior petition which has been decided on the merits. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). A decision on the merits occurs if the district court either considers and rejects the claims or determines that the claims will not be considered by a federal court. See Howard v. Lewis, 905 F.2d 1318, 1322-23 (9th Cir. 1990). The dismissal of a petition as untimely, constitutes a decision on the merits because such a dismissal is a determination that the claims will not be considered. See McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009). Likewise, the denial of a petition on procedural default grounds is also a determination on the merits. See Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (citing Howard, 905 F.2d at 1322-23, and stating that the

denial of a petition on procedural default grounds is a determination that the claims will not be considered by the federal court).

Here, petitioner's previous habeas petition, Harris I, was dismissed as untimely and, as such, was decided on the merits. The current federal habeas petition does not raise the same claims and, thus, falls under § 2244(b)(2). As such, the petitioner must make the required showing that the new claims rely on a new rule of constitutional law or the factual predicate of claims could not have been discovered earlier with due diligence. The showing must be made at the Ninth Circuit Court of Appeals to obtain authorization to file a second of successive petition in the district court. Petitioner has not demonstrated that he obtained prior approval from the Ninth Circuit. Therefore, the court lacks jurisdiction to hear the current second or successive federal habeas petition. Petitioner's present federal habeas claim must be dismissed.

Petitioner's argument that this Court has the discretion to decide whether to hear second or successive petitions is erroneous. District Courts unequivocally lack the jurisdiction to consider second or successive petitions in the absence of authorization from the Ninth Circuit Court of Appeals See Cooper, 274 F.3d at 1270. Petitioner's argument that his previous federal court judgment was not on the merits is also incorrect. A dismissal of a petition due to the petition being untimely is a judgment on the merits See McNabb, 576 F.3d at 1029-30.

**B.** **Statute of Limitations**

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review.  See 28 U.S.C. § 2244(d)(1).

///

///

5

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits decision.  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day.  See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day.  See Cal. Rule of Court 8.308(a).  If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be "properly filed," the application must be authorized by, and in compliance with, state law.  See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed).  A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between

1   state court applications, however, there is no tolling for that period of time. See Carey v. Saffold,
2   536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as
3   untimely, the federal court must independently determine whether there was undue delay. See id.
4   at 226-27.

5         There is no tolling for the interval of time between post-conviction applications
6   where the petitioner is not moving to the next higher appellate level of review. See Nino, 183
7   F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no
8   tolling for the period between different sets of post-conviction applications. See Biggs v.
9   Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct
10  review and the filing of a state post-conviction application does not toll the limitations
11  period. See Nino, 1983 F.3d at 1006-07.

12        1.    The Limitations Period Begins

13        Petitioner did not seek certiorari in the United States Supreme Court after the
14  California Supreme Court denied his petition for review on September 1, 2010. Thus, the
15  one-year limitations period commenced on December 1, 2010—the day after the ninety-day
16  period to file a petition for writ of certiorari with United States Supreme Court expired. See
17  Patterson, 251 F.3d at 1246. Absent tolling, petitioner's federal habeas complaint was due
18  by December 1, 2011.

19        2.    Tolling
20            a.    Petitioner's First, Second, and Third State Petitions

21        As respondent correctly notes, petitioner is not entitled to tolling for his first,
22  second, or third petitions because they were all filed before petitioner's conviction became
23  final. Petitioner filed his first state action on October 4, 2009, and was denied relief on
24  October 16, 2009. See ECF No. 13, Lod. Doc. 5; ECF No. 13, Lod. Doc. 6. Petitioner filed
25  his second state action on October 28, 2009, and was denied relief on December 18, 2009.
26  See ECF No. 13, Lod. Doc. 7; ECF Lod. Doc. 8. Petitioner filed his third state action on
27  January 4, 2010, and was denied relief on June 17, 2010. See ECF No. 13, Lod. Doc. 9;
28  ECF No. 13, Lod. Doc. 10. All these actions occurred before direct review became final on

1   September 1, 2010. See ECF No. 13, Lod. Doc. 4. Collateral actions filed before the

2   limitations period commences have no tolling consequences. Waldrip v. Hall, 548 F.3d 729,

3   735 (9th Cir. 2008). Therefore, the time during which this action was pending had no effect

4   on the statute of limitations because the limitations period had not yet commenced.

5                       b.        Petitioner's Untimely Fourth State Petition

6         Citing Evans v. Chavis, 546 U.S. 189, 201 (2006), respondent argues that

7   petitioner unreasonably delayed seeking review of the California Court of Appeal's third

8   denial of his petition by waiting 523 days after the denial to re-file his petition. Respondent

9   contends that because petitioner unreasonably delayed seeking review, his petition was not

10  properly pending under U.S.C. § 2244(d)(2). Citing Pace, 544 U.S. at 414, respondent also

11  argues that the limitations period continued to run both (1) on the days before the untimely-

12  under-state-law filing and (2) on the days that the untimely-under-state-law petition was on

13  file.

14        Petitioner does not attempt to explain his 523-day delay in filing. Instead,

15  petitioner argues that his claim is not subject to the statute of limitations because the San

16  Joaquin County Superior Court did not have jurisdiction over his original criminal

17  proceeding. Petitioner argues that because the state court did not have jurisdiction over his

18  original criminal proceeding, the judgment in his case is void, and void judgments can be

19  challenged at any time. Petitioner also contends that the statute of limitations only applies

20  when the state would be prejudiced by petitioner's delay in filing. Petitioner argues the state

21  would not be prejudiced in this matter because they had access to all the relevant documents

22  because the case raises only legal questions, not factual ones. Finally, petitioner argues that

23  he should be exempt from statute of limitations requirements due to a fundamental

24  miscarriage of justice.

25        The Court finds that petitioner's filing of his fourth state court post-

26  conviction action was untimely due to an unreasonable 523-day delay and, therefore,

27  petitioner is not entitled to tolling for the period between the denial of his third action and

28  filing of his fourth action. Petitioner also is not entitled to tolling for the period between the

filing of his fourth action and the denial of his fourth action due to the untimely file.

Petitioner's argument is flawed in four respects. First, petitioner argues that his claim is not barred because the Ninth Circuit held that statute of limitations begins running on the date on which a petitioner discovers the legal basis of the claim. See ECF No. 1, p.4. The Ninth Circuit's ruling referenced U.S.C. § 2244(b)(2)(a), which states that the applicant must show that they could not have discovered the legal basis of the claim because it relies on a new rule of constitutional law that was previously unavailable. See U.S.C § 2244(b)(2)(a). Petitioner offers no evidence that his argument relies on a novel ruling of constitutional law. Rather, petitioner argues that he should be granted habeas relief because the San Joaquin court lacked jurisdiction over his initial criminal proceeding. The argument that a lack of jurisdiction renders any court proceedings void is far from new. See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998). Insofar as petitioner claims that the misuse of a felony complaint is a new constitutional argument, petitioner is mistaken as other petitioners have raised similar challenges for decades. See e.g., Spalla v. Foltz, 788 F.2d 400 (6th Cir. 1986); Hogan v. Ward, 998 F. Supp. 290 (W. D. N.Y. 1998); LoPizzo v. LeFevre, 863 F. Supp. 96 (E.D.N.Y. 1994); Sutton v. Waddington, 384 Fed. Appx. 569 (9th Cir. 2010).

Second, petitioner's claim that the judgment in his case is void is erroneous. Petitioner is correct that superior courts initially lack jurisdiction over felony complaints. However, superior courts gain jurisdiction after a filing of information. See People v. Leonard, 228 Cal. App. 4th 465, 482 (2014). Here, petitioner went before a judge who found sufficient cause for petitioner's guilt and thus petitioner's felony complaint became an information. See ECF No. 1, pp. 61-9. Petitioner's assertion that only private citizens can file felony charges is incorrect. In fact, private citizens lack the authority to bring criminal charges. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Petitioner's reliance on Attorney General Lockyer's statement that "the government may not even be involved in the preparation, investigation, and filing of a felony complaint" is misguided.  See ECF No. 11, p. 3 (*quoting* People v. Viray, 134 Cal. App. 4th 1186, 1200 (2005)). The Viray court discredited Attorney General Lockyer's

9

statement on the basis that established caselaw directly contradicted his claim. See People v. Viray, 134 Cal App. 4th at 1201-02. Thus, petitioner cannot rely on this claim to support his case. Further, Attorney General Lockyer's use of the term "may" meant he believed there could be situations where the government was not involved in the preparation, investigation, and filing of a felony complaint. Attorney General Lockyer never stated that the government lacked the authority to be involved in the preparation, investigation, and filing of a felony.

Third, petitioner incorrectly states the statute of limitations only applies when the state would be prejudiced by petitioner's delay. Petitioner's assertion is incorrect in two respects. First, petitioner once again cites an outdated version of U.S.C. § 2254. § 2554 has not contained Rule 9(a) since 2004. See U.S.C.A § 2254 (West 2020). Second, the very rule petitioner cites states that delays that total more than five years automatically lead to a presumption of prejudice. Petitioner's delay is seven years, and he provides no evidence that the state was not prejudiced outside of a conclusory statement that his case is a matter of law so the state has all the documents it needs.

Fourth, insofar as petitioner alleges that he is entitled to an exception to the statute of limitations due to a fundamental miscarriage of justice, he is mistaken. The miscarriage of justice exception is limited to "those *extraordinary* cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt." Johnson v. Knowles, 541 F.3d 933, 937 (9th Cir., 2008). Without any new evidence of innocence, the existence of even a meritorious constitutional violation cannot establish that a miscarriage of justice exception would allow an otherwise barred claim to succeed. See Schlup v. Delo, 513 U.S. 298, 316 (1995). Here, petitioner does not introduce any new evidence of his innocence and his argument centers around the alleged procedural violations that occurred in his criminal case. Thus, he is not entitled to a statute of limitations exception on the grounds of a fundamental miscarriage of justice.

///

///

///

Petitioner does not provide any explanation for his delay besides his argument that statutory tolling does not apply to his case, which, as previously discussed, is meritless. As demonstrated by recent cases, the Ninth Circuit has made it common practice to hold firm to a thirty- or sixty- day period for filing subsequent state actions absent a showing of a proper excuse for delay. See Livermore v. Watson, 556 F. Supp. 2d 1112, 1118-20 (E.D. Cal. 2008) (holding that the four-and-a-half-month delay in Saffold was not deemed to be reasonable, and that an interval of seventy-eight days between filings was not entitled to statutory tolling since it was not timely); Bennett v. Felker, 635 F. Supp. 2d 1122, 1124-27 (C.D. Cal. 2009) (holding that ninety-three days of unexplained delay in filing petition was "…substantially longer than the thirty or sixty days contemplated by the Supreme Court in Evans, and is unjustified when Petitioner's third petition was nearly identical to the one he filed in the lower court." (italic removed). Petitioner's 523-day delay extends far beyond this time period and thus was unreasonable.

### 3. The Limitations Period Ends

As indicated above, the California Supreme Court denied petitioner's fourth state post-conviction action on May 23, 2012, which was 174 days after petitioner's limitations period expired on December 1, 2011.  Thus, it is irrelevant whether petitioner was entitled to statutory tolling for his fifth, six, seventh, eighth, ninth, tenth, and eleventh state post-conviction actions because the one-year limitations period had already expired by the time petitioner filed these actions. Petitioner's previous federal petition and his application for a certificate of appealability in the Ninth Circuit also cannot extend the statute of limitations. See Duncan v. Walker, 533 U.S. 167, 181-2 (2001) (holding that application for federal habeas review is not an application for state-post conviction or other collateral review within meaning of the tolling provision of the Antiterrorism and Effective Death Penalty Act).

///
///
///
///
///

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (ECF No. 11) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 363(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 10, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE